UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

REGGIE D. HUFF,

Plaintiff,

vs.

CITY OF BROOKINGS POLICE DEPT., DAWN M. ELSHERE, DAVID ERICKSON, JOEL PERRY, SEAN DOREMUS, MARISSA D. MARSHALL, RICHELLE GUERRIERI, THE SDSU FOUNDATION, STEVE ERPENBACH, and JANE &/OR JOHN DOES,

Defendants,

and

DAWN M. ELSHERE,

Nominal Defendant.

**4:22-CV-4020-LLP**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO VACATE**

Following this Court's dismissal of his case, pro se plaintiff, Reggie Huff ("Huff"), filed a two-part motion to vacate pursuant to Federal Rule of Civil Procedure 59(e). (Docs. 62 and 64.) Huff's federal § 1983 claim was dismissed with prejudice for failure to state a claim under Rule 12(b)(6). The dismissal of the remaining state law claims was without prejudice to Huff's right to refile the claims in state court within 30 days from the date of July 6, 2022, pursuant to 28 U.S.C. § 1367(d), unless state law provides for a longer period in which state law claims can be made. (Doc. 61.)

## BACKGROUND

On February 14, 2022, Huff filed a lawsuit against the Defendants alleging a variety of claims. (Doc. 1.) In lieu of answering the complaint, Defendants filed five separate motions to dismiss. The motions were filed in March, April and May of 2022. (Docs. 17, 22, 27, 41 and 49.) Huff responded in opposition to each of the motions to dismiss (Docs. 32, 33, 35, 52 and 56), but he did not move to amend his complaint. On July 6, 2022, this Court granted the Defendants'

motions to dismiss in a Memorandum Opinion and Order. (Doc. 60.) Judgment was entered in favor of Defendants on July 11, 2022. (Doc. 61.) Huff now seeks to vacate the Court's Opinion and Judgment pursuant to Rule 59(e). (Docs. 62 and 64.) He also requests leave to amend his complaint. (Doc. 64.)

## DISCUSSION

### I. MOTION TO AMEND

Huff's proposed Amended Complaint seeks to add a claim entitled "Free Speech Declaratory Relief." (Doc. 64-1, p. 55.) In that claim, Huff asks the Court to make a declaration that his phone calls and his letter to defendant Marshall are protected free speech under the First Amendment, "which no governmental official has the self determining right, authority, interest or legal obligation to intercept, interfere with, retaliate against, control criminalize or silence by any means." (*Id.*) Huff includes additional allegations that certain actions taken by Defendants were in retaliation for the exercise of this alleged free speech, and were meant to squelch it. (*Id.*, pp. 4, 9, 18, 22, 23, 57.) Huff also adds ten new pages of allegations regarding Defendant Guerrieri to bolster his argument that this Court has jurisdiction over her because she lied to Officer Perry, and she intended to harm Huff in South Dakota with her lies. (*Id.*, pp. 35–46.)

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

A district court has "considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored." *United States ex rel. Roop v. Hypoguard USA, Inc.*,

559 F.3d 818, 824 (8th Cir. 2009). This Court will exercise its discretion to deny Huff's request to amend his complaint based on both undue delay and futility of the amendment.

First, the Defendants' five separate motions to dismiss put Huff on notice of the possible deficiencies in his complaint. Huff could have requested leave to amend at any time before this Court ruled on the motions to dismiss. Instead, he did not seek leave to amend until after this Court found that his complaint failed to establish a viable § 1983 claim because he failed to show a violation of a federal right. (Doc. 60, p. 10–12.) Unexcused delay in seeking to amend until after the case has been dismissed is a sufficient basis on which to deny a post-judgment motion for leave to amend. *See Ash v. Anderson Merchandiser, LLC*, 799 F.3d 957, 963–64 (8th Cir. 2015) (affirming the denial of a post-judgment motion to amend where the motion to dismiss put the plaintiffs on notice that their allegations were deficient long before the case was dismissed, yet the plaintiffs did not request leave to amend until after the district court found their complaint deficient and dismissed the case). The five motions to dismiss filed by Defendants in this case should have warned Huff that his claims were in jeopardy.

Second, Huff's proposed amendment to assert a violation of his First Amendment rights would be futile. Huff seeks to add a claim that his speech in the two phone calls to Marshall and the letter to Marshall were protected speech, and that the state actor defendants retaliated against Huff for exercising his First Amendment right to free speech.[1]

Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*,129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations,

---

[1] Huff argues that his addition of the free speech claim in his Proposed First Amended Complaint is not a change but "merely a more efficient way to adjudicate the pre-existing theories." (Doc. 86, p. 9.) The Court again carefully reviewed Huff's initial complaint and concludes that it had no reason to discern Huff was alleging a claim that state actors retaliated against Huff for exercising his First Amendment right to free speech.

'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No.* 347, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

When ruling on a motion to dismiss under Rule 12(b)(6) a district court may consider some materials outside the pleadings, such as public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." *Noble Systems Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Thus, in addition to considering the allegations contained in the proposed Amended Complaint, the Court also will take judicial notice of documents from the proceedings before Judge Elshere in state court, including the docket sheets from each of the four consolidated protection order proceedings, certain items from the record of those proceedings, and the transcript from the January 9, 2020 hearing held on the consolidated proceedings.[2] (Doc. 23, Exhibits A-M.)

To state a claim under § 1983 for retaliation in violation of the First Amendment, Huff must plausibly allege: 1) that his speech was constitutionally protected by the First Amendment; 2) that the Defendants took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by Huff's protected activity. *See Danielson v. Huether*, 355 F. Supp. 3d 849, 860 (D.S.D. 2018). Huff's claim fails because he has not demonstrated that his speech or conduct toward Marshall is protected by the First Amendment.

At the January 9, 2020 hearing, Judge Elshere entered an Order for Protection in favor of Marshall and against Huff after finding that Huff "harassed" Marshall with the two phone calls and the letter which Huff alleges are protected speech.[3] (Doc. 23-8.) Judge Elshere found by a

[2] A federal court may take judicial notice of relevant state court documents. *Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010). *See also Eiler v. Avera McKennan Hospital*, 2016 WL 1117441, *1 (D.S.D. 2016); *Waldner v. North American Truck & Trailer, Inc.*, 277 F.R.D. 401, 406 (D.S.D. 2011).

[3] On December 6, 2019, Huff wrote a letter to Marshall. Huff attached a copy of the letter to his complaint. (Doc. 1-1.) Among other things, Huff accused Marshall of filing a false police report.

preponderance of the evidence that Huff had committed "stalking" of Marshall, as defined by SDCL 22-19A-1. (*Id.*)

Defendants point out that the South Dakota Supreme Court has held harassment that violates SDCL § 22-19A-1 is not protected speech:

> [T]his Court has "previously stated freedom of expression does not include threatening or harassing conduct[.]" *State v. Asmussen*, 2003 S.D. 102, ¶ 9, 668 N.W.2d 725, 731; *see also State v. Springer–Ertl*, 2000 S.D. 56, ¶ 17, 610 N.W.2d 768, 773 ("Freedom of expression ... is not absolute.") (citing *Frohwerk v. United States*, 249 U.S. 204, 206, 39 S.Ct. 249, 250, 63 L.Ed. 561, 564 (1919) (freedom of expression "was never meant 'to give immunity for every possible use of language' "); *State v. Hauge*, 1996 S.D. 48, ¶ 10, 547 N.W.2d 173, 176 ("One is not free ... to send threatening or harassing letters."); *State v. Crelly*, 313 N.W.2d 455, 457 (S.D.1981) (No one has "the right to make obscene telephone calls.")).
>
> "The legislature has recognized that stalking is a serious concern of society." *Asmussen,* 2003 S.D. 102, ¶ 9, 668 N.W.2d at 731. "The legislature, therefore, has a legitimate interest in protecting those who are harassed and placed in serious fear for their safety." *Id.* SDCL 22–19A–1 prohibits stalking. A court may enter a protection order if it "finds by a preponderance of the evidence that stalking has taken place[.]" SDCL 22–19A–11.

*Erickson v. Earley*, 878 N.W.2d 631, 635 (S.D. 2016). The Eighth Circuit has similarly held that the First Amendment allows content-based restrictions on speech that is criminal in nature. *See United States v. Petrovic*, 701 F.3d 849, 855 (8th Cir. 2012) ("[S]peech integral to criminal conduct" is a class of speech where content-based restrictions are allowed under the First Amendment). Though not directly addressing this issue, the Supreme Court has suggested that some speech considered harassment may be proscribed without violating the First Amendment. In *Rowan v. U.S. Post Office Dep't*, 397 U.S. 728, 730 (1970), the Supreme Court upheld a federal statute requiring mailers to stop future mailings to a household after a recipient notified the Postmaster General that they wanted the sender to stop sending the mailings. The *Rowan* Court "categorically reject[ed] the argument that a vendor has a right under the Constitution or otherwise to send unwanted material into the home of another," *id.* at 738, reasoning that "the mailer's right

---

Huff threatened legal action against Marshall and asked her to pay damages to him in the amount of $750.00. After receiving the December 6, 2019 letter from Huff, Marshall sought a protection order against him.

to communicate is circumscribed only by an affirmative act of the addressee giving notice that he wishes no further mailings from that mailer." *Id.* at 737.

In sum, if speech or conduct is harassment, the government may restrain that kind of speech consistent with the First Amendment. Huff's speech and conduct toward Marshall, deemed harassment and stalking by Judge Elshere after a hearing where all parties had an opportunity to be heard, is not protected by the First Amendment. Because Huff cannot prevail on the facts he has alleged, it would be futile to give him an opportunity to amend. Thus, Huff's request to file his proposed amended complaint is denied.

Huff's new allegations regarding defendant Guerrieri in the proposed amended complaint do not alter the Court's conclusion that it lacks jurisdiction over Guerrieri. Huff's allegations confirm that Guerrieri's contacts with South Dakota are limited to one phone conversation she had with defendant Perry while she was in Ohio. As explained earlier, this contact is not enough for this Court to establish personal jurisdiction over Guerrieri, and the proposed amendment would be futile.

**II. Rule 59(e) Motion to Vacate**

Rule 59(e) empowers district courts to alter or amend judgments. Fed. R. Civ. P. 59(e). The Rule was adopted " 'to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.' " *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Motions under Rule 59(e) "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). They cannot " 'be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995) (footnotes omitted)). District courts have " 'broad discretion' " in deciding whether to grant or deny such a motion and the Eighth Circuit will not reverse " 'absent a clear abuse of discretion.' " *Sparkman Learning Ctr. v.*

*Ark. Dep't of Human Servs.*, 775 F.3d 993, 1001 (8th Cir. 2014) (quoting *Christensen v. Qwest Pension Plan*, 462 F.3d 913, 920 (8th Cir. 2006)).

In part one of his motion to vacate, Huff questions the impartiality of this Court, and he accuses the Court of unethical conduct in the manner in which it granted Defendants' motions to dismiss. (Doc. 62.) In part two of the motion to vacate, Huff asserts that the Court changed facts, made up facts, ignored facts, twisted and narrowed the law, and failed to allow him an opportunity to amend his complaint before wrongly concluding that Huff's complaint should be dismissed. (Doc. 64.)

A. Plaintiff's Motion to Vacate — Part One (Doc. 62)

Huff explains that the basis for Part One of his motion to vacate is his discovery of a 2018 interview of this Court. (Doc. 63.) Huff asserts that the interview proves two things: 1) that this Court only works seven months each year; and 2) that this Court delegates too much work to its law clerks. The fact that Huff's assertions are wrong is irrelevant. The problem with Part One of Huff's motion to vacate is that he raises no direct challenge to the legal reasoning underlying this Court's decision dismissing his § 1983 claim. Instead, he accuses the Court of not reading all of the documents filed in tis case, of making of facts and ignoring facts. These bare assertions are insufficient to prove this Court's Opinion dismissing Huff's § 1983 claim was based on manifest errors of law or facts.

B. Plaintiff's Motion to Vacate — Part Two (Doc. 64)

In Part Two of his motion to vacate, Huff expresses his dissatisfaction with not being invited to amend his Complaint prior to dismissal, and he attaches a proposed First Amended Complaint. (Doc. 64 and Doc. 64-1.) Huff opines that the only possible reason his case could have been dismissed is if counsel for defendants had direct access to this Court ex parte. He asserts that this Court favors the female defendants over Huff as a male.

Huff contends that the Court erred as to the following facts. First, Huff says that the Court should have found that defendant Marshall lied when she said she "declined" Huff's invitation for a date. Second, Huff argues that the Court should have taken judicial notice of the police report and interpreted it as showing defendant Guerrieri lied to defendant Officer Perry or, at the very

least, the Court should have found that Guerrieri committed a tort in South Dakota by her reports to Officer Perry about Huff which are reflected in the police report. Had the Court done this, Huff believes it would have found that personal jurisdiction over Guerrieri exists. Finally, Huff believes the Court was misled by Defendants' arguments in favor of dismissal.

Regarding errors in the law, Huff first alleges that his complaint clearly asserts an unlawful seizure and detention occurred in violation of § 1983. Second, Huff argues that "any action by governmental authority to squelch and retaliate against" speech is actionable under 42 U.S.C. § 1983, and the Court missed this claim in his Complaint. (Doc. 64, p. 15.) Third, Huff contends that the law allows the Court to infer that a conspiracy to violate his civil rights occurred based on all of the facts he alleged in his complaint. Finally, Huff asserts that Judge Elshere acquired jurisdiction over the state court proceedings involving Huff for the predetermined purpose of violating Huff's civil rights, and thus this Court erred by finding Judge Elshere is entitled to judicial immunity.

After carefully considering Huff's arguments, and after again reviewing the record and this Court's Memorandum Opinion and Order dismissing the Complaint, the Court finds no error or law or fact, much less any manifest errors of law or fact. Accordingly,

**IT IS ORDERED** that both parts of Plaintiff's motion to vacate are denied. (Docs. 62 and 64.)

Dated this 12th day of Dec., 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK