UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE D. HUFF,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF BROOKINGS POLICE DEPT., DAWN M. ELSHERE, DAVID ERICKSON, JOEL PERRY, SEAN DOREMUS, MARISSA D. MARSHALL, RICHELLE GUERRIERI, THE SDSU FOUNDATION, STEVE ERPENBACH, and JANE &/OR JOHN DOES,<br><br>  Defendants,<br><br>and<br><br>DAWN M. ELSHERE,<br><br>  Nominal Defendant. | 4:22-CV-4020-LLP<br><br>**MEMORANDUM OPINION AND ORDER**<br>**ON MOTIONS FOR SANCTIONS** |

Among other motions pending are Plaintiff, Reggie Huff's ("Huff") Motion for Rule 11 Sanctions (Doc. 75), and his Motion to Take Judicial Notice (Doc. 77).

## BACKGROUND

On February 14, 2022, Huff filed a lawsuit against Defendants alleging the Defendants violated his civil rights under 42 U.S.C. § 1983. Huff also asserted state-law claims for abuse of process and defamation. (Doc. 1.) In lieu of answering the complaint, Defendants filed five separate motions to dismiss. The motions were filed in March, April and May of 2022. (Docs. 17, 22, 27, 41 and 49.) Huff responded in opposition to each of the motions to dismiss (Docs. 32, 33, 35, 52 and 56), but he did not move to amend his complaint. On July 6, 2022, this Court granted the Defendants' motions to dismiss in a Memorandum Opinion and Order. (Doc. 60.) Judgment was entered in favor of Defendants on July 11, 2022. (Doc. 61.) Huff filed a motion to vacate the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 62.) The motion to vacate was denied on December 12, 2022. (Doc. 91.)

1

Following dismissal, some of the defendants (Brookings Police Department, Erickson, Perry, Doremus and Marshall) moved for attorney fees as prevailing parties under 42 U.S.C. § 1988. (Doc. 66.) These defendants argue that Huff's § 1983 claim against them was legally and factually insufficient to survive dismissal, and that the nature of his case and the way he prosecuted it without respect for the Court, the parties, or the process, make his conduct vexatious. (Doc. 68.) Argument will be held on that Motion.

In response, Huff sought Rule 11 sanctions against defendants and their lawyers, except defendants Erpenbach, the SDSU Foundation and their lawyers. (Doc. 75.) He argues that the motion for attorney fees filed by some of the defendants is frivolous and false and is another attempt to stifle Huff's free speech. (Doc. 76.)

Huff also asks the Court to take judicial notice of an interview of this Court (Judge Piersol). (Doc. 77.)

## DISCUSSION

### I. PLAINTIFF'S RULE 11 MOTION

When submitting a pleading, motion, or other paper to the court, Rule 11 requires an attorney or unrepresented party to certify the following with regard to the filing:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be warranted when an attorney, law firm, or party violates these requirements. Fed. R. Civ. P. 11(c)(1). For example, Rule 11 sanctions might
> be warranted when a pleading is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,"

2

Fed. R. Civ. P. 11(b)(1), contains allegations or factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3), or contains denials of factual contentions that are not warranted on the evidence. Fed. R. Civ. P. 11(b)(4).

*Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). Furthermore, "Rule 11 sanctions are imposed only in response to claims that are not 'warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.' " *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 623 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11(b)(2)).

The determination whether to impose Rule 11 sanctions requires an examination of the underlying factual and legal claims, as well as the appropriateness of the sanction to be imposed. *Cf. MHC Inv. Co.*, 323 F.3d at 624 (stating that an appellate court must undertake such an examination in order to review the district court's imposition of Rule 11 sanctions). This is because determinations as to whether conduct has violated Rule 11 often involve "fact-intensive, close calls." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). "[W]hether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. The issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). *See also Bus. Guides v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (holding that courts evaluate Rule 11 motions for sanctions using a standard of objective reasonableness under the circumstances to assess the litigant's conduct).

Huff makes three main arguments in favor of Rule 11 sanctions against Defendants and their lawyers. First, Huff alleges that the brief in support of Defendants' motion for attorney fees falsely states that Huff harassed Marshall because she refused a date with him. Huff contends that he sent the letter to Marshall threatening a lawsuit not because she refused a date with him, but because of his "disgust and righteous indignation" that Marshall reported her concerns about Huff to the Brookings Police Department, and then Detective Perry contacted Huff to discuss Marshall's concerns and desire not to be contacted by Huff. (Doc. 76, p. 6.) (Huff believes the real reason detective Perry contacted Huff was due to jealously on the part of another police officer, defendant Doremus, who was dating Marshall.) Huff does not deny sending the letter to Marshall after being told by Perry not to contact her. Rather, he contends that he had a First Amendment right to send the letter to notify Marshall of his intent to sue her

3

for making a false police report. Huff says that Defendants' counsel has no evidence that any contact he made was due to Marshall's refusing a date with him. Huff asserts that, in fact, he was dating someone else within hours after Marshall declined his dating invitation. The Court concludes that Defendants' assertion of their belief that Huff sent the letter to Marshall because she refused a date does not rise to the level of sanctionable conduct.

Second, Huff alleges that defendant Detective Perry committed a crime by fabricating facts about Huff and putting them in a police report. He also alleges that defendant Judge Elshere committed a crime by entering a "false" protective order against Huff when she knew his conduct did not warrant it. The purpose of Rule 11 is to deter baseless filings, not to resolve the merits of issues not before the Court.

Finally, Huff contends that counsel for Defendants continues to frivolously and falsely claim that Huff is trying to re-litigate the state court proceedings when Huff asserts that nothing was actually litigated in state court. Even if it is not Huff's intent to re-litigate other proceedings, Defendants' opinion that he is attempting to do so is not sanctionable under Rule 11.

None of the allegations Huff puts forth in his request for Rule 11 sanctions lead the Court to conclude that Defendants, or Defendants' lawyers, have engaged in sanctionable conduct. The law entitles Defendants to file a motion to dismiss. The facts and law supporting this Court's dismissal of Huff's federal § 1983 claims previously were set out at length, and there is no need to reiterate them here. The law also entitles Defendants to file a motion for attorney fees as prevailing defendants under § 1988. The Court does not find that any of the Defendants' pleadings in this case were presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Nor do they contain allegations or factual contentions that lack evidentiary support. There is no reason to doubt that the person who signed the pleadings for Defendants conducted a reasonable inquiry into the facts and law supporting the pleading. After reviewing all of the pleadings, and the factors for determining the appropriateness of Rule 11 sanctions, the Court denies Huff's motion for sanctions against Defendants and their lawyers.

## II. Plaintiff's Motion to Take Judicial Notice

Pursuant to Federal Rule of Evidence 201, Huff asks the Court take judicial notice of a 2018 interview of this Court (Judge Piersol) that was done in connection with the Federal Judiciary Oral History Project conducted by the University of Kentucky. Huff contends that the interview reveals biases by this Court which led the Court to dismiss Huff's complaint and to ignore criminal conduct by defendants and misconduct by defendants' lawyers.

However, Rule 201 does not apply to judicial notice of facts such as the contents of an interview given by this Court. The Rule "governs only judicial notice of 'adjudicative' facts." Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case." *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (quoting Advisory Committee Notes to rule 201). The Eighth Circuit has described adjudicative facts:

> When a court * * * finds facts concerning the immediate parties who did what, where, when, how, and with what motive or intent the court * * * is performing an adjudicative function, and the facts are conveniently called adjudicative facts. * *
>
> Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses.

*United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) (quoting 2 K. Davis, Administrative Law Treatise § 15.03, at 353 (1958)). This Court's interview does not contain adjudicative facts. It is in no way related to the facts concerning the parties in this case, nor is it a fact that would traditionally go to the jury.

For these reasons, the Court declines to take judicial notice of the interview, and Huff's motion is denied. Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's motion for Rule 11 sanctions is denied (Doc. 75); and
2. That Plaintiff's motion to take judicial notice is denied (Doc. 77).

Dated this 11th day of January, 2023.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

/s/ Matthew Thelen