UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*****************************************************************

| | | |
|---|---|---|
| REGGIE D. HUFF, | * | CIV 22-4020 |
| | * | |
| Plaintiff, | * | |
| vs. | * | ORDER ON |
| | * | MOTIONS TO RECUSE |
| CITY OF BROOKINGS POLICE DEPT.; | * | |
| DAWN M. ELSHERE; | * | |
| DAVID ERICKSON; JOEL PERRY; | * | |
| SEAN DOREMUS; | * | |
| MARISSA D. MARSHALL; | * | |
| RICHELLE GUERRIERI; | * | |
| THE SDSU FOUNDAITON; | * | |
| JOHN &/or JOHN DOES, | * | |
| | * | |
| Defendants. | * | |
| and | * | |
| | * | |
| DAWN M. ELSHERE, | * | |
| | * | |
| Nominal Defendant | * | |
| | * | |

*****************************************************************

Plaintiff Huff moves the Court to recuse on the basis of 28 U.S.C. § 144 and 28 U.S.C. § 455.

The Court entered its Memorandum Opinion and Order dismissing Plaintiff's federal claims on July 6, 2022. The case was dismissed without prejudice to Plaintiff's right to refile the remaining state-law claims in state court within thirty (30) days from the date of the Order, unless state law provided a longer period in which state law claims could be made. Prior to the Memorandum Opinion no request to recuse had been made. This case was filed on February 14, 2022, with the judge case assignment made available to Plaintiff that day.

Plaintiff then filed subsequent motions including a Motion to Vacate under Rule 59(e). The Court denied the Motion to Vacate on December 12, 2022. Subsequent to that time Plaintiff has filed 17 pleadings and two letters with the Court, much of which deals with recusal. After reviewing

the court file, the Court concludes that recusal is not warranted.

## DISCUSSION

With regard to 28 U.S.C. § 144, no showing has been made that the judge before whom the case is pending has a personal bias or prejudice against the Plaintiff or in favor of any of the adverse parties or their attorneys. There is a frivolous claim with no support that the Judge is colluding against Plaintiff with an attorney for some of the Defendants.

In addition to the fact that no basis has been shown for the 28 U.S.C. § 144 claim, the claim is also untimely. The affidavit stating "the facts and the reasons for the belief that bias or prejudice exists . . . shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. No good cause showing was made as to why the filing was not timely made. The case was filed and assigned on February 14, 2022.

28 U.S.C. § 455 by comparison has no specific limitation on timeliness. The applicable section (a) of § 455 provides "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Despite the lack of a ten (10) day limitation, "claims under § 455 will not be considered unless timely made." *In re Kansas Public Employees Retirement System*, 85 F.3d 1353, 1360, (8th Cir. 1996). "A party cannot wait until an unfavorable judgment is issued and then seek to have the judge who issued the judgment recused." *Rindahl v. Daugaard,* No. CIV. 11-4085-Schreier, 2012 WL 174798 at 1 (D.S.D. Jan. 20, 2012).

And that is what this case has become. No request or grounds for recusal was brought until after an adverse ruling was made dismissing the federal claims. In denying a motion to recuse, another judge ended with:

> Although a judge should disqualify himself or herself in an appropriate case, the integrity of the judicial system demands that a judge must also have the fortitude to refuse to disqualify when recusal is not mandated by the facts. Motions to recuse cannot be viewed as an additional arrow in the quiver of advocates in the face of

2

adverse rulings.

*TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1077, 1081 (D. Colo. 1991). This language was adopted by the Eighth Circuit Court of Appeals *In re Kansas Public Utility Employees Retirement System*. See 85 F.3d at 1360.

In the present case, the facts do not warrant recusal. The Court is only aware of the facts as presented in the Court record. Decisions have been made by the Court on the basis of those facts and the law. No favoritism or antagonism has been shown by Plaintiff that would warrant recusal.

"As grounds for disqualification set out in the statutes are quite similar, both may be considered together." *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1985). The *Faul* court went on to require:

> To be legally sufficient, an affidavit must allege bias or prejudice, and such "bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

No such showing has been made by Plaintiff and the Motions to Recuse are denied.

IT IS ORDERED:

1. That Plaintiff's Motion to Recuse, Doc. 92, is denied,

2. That Plaintiff's Motion to Disqualify, Doc. 104, is denied.

Dated this 11th day of January, 2023.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*