UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE D. HUFF,<br><br>Plaintiff,<br>vs.<br><br>CITY OF BROOKINGS POLICE DEPT., DAWN M. ELSHERE, DAVID ERICKSON, JOEL PERRY, SEAN DOREMUS, MARISSA D. MARSHALL, RICHELLE GUERRIERI, THE SDSU FOUNDATION, STEVE ERPENBACH, and JANE &/OR JOHN DOES,<br><br>Defendants,<br><br>and<br><br>DAWN M. ELSHERE,<br><br>Nominal Defendant. | 4:22-CV-4020-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ATTORNEY FEES |

Defendants City of Brookings Police Department, David Erickson, Joel Perry, Sean Doremus, and Marissa Marshall moved for an award of attorney fees and sales tax incurred in defending Huff's lawsuit. (Doc. 66.) A hearing on the motion was held before this Court on January 18, 2023. Lawyers James Moore and Seth Lopour appeared on behalf of the defendants who are requesting attorney fees. Lawyer Richard Williams appeared on behalf of the SDSU Foundation and Steve Erpenbach, although those defendants are not requesting attorney fees. Plaintiff Reggie Huff appeared pro se and he argued in opposition to the motion for attorney fees.

The background is set forth in a prior Opinion of this Court and it will not be repeated here. (Doc. 116.)

### DISCUSSION

Pursuant to 42 U.S.C. § 1988, Defendants City of Brookings Police Department, David Erickson, Joel Perry, Sean Doremus, and Marissa Marshall ask for an award of attorney fees and

1

sales tax incurred in defending Huff's lawsuit, which fees and tax currently total $3,554.17 for Marshall and $10,422.89 for the Brookings Defendants. (Doc. 66.) The motion is supported by an Affidavit of James E. Moore (Doc. 67), an Affidavit of Marissa Marshall (Doc. 70), and a brief. (Doc. 68.) These defendants argue that Huff's § 1983 claim against them was legally and factually insufficient to survive dismissal, and that the nature of his case and the way he prosecuted it without respect for the Court, the parties, or the process, make his conduct vexatious. (Doc. 68.) Judge Elshere concurs with the arguments made by the defendants in support of an award of fees, but she declined to file her own motion for attorney fees at this time because of the general practice of the Unified Judicial System (UJS) of the State of South Dakota to avoid making claims for attorney's fees against the state's citizens. (Doc. 71.)

Huff opposes an award of attorney fees. (Doc. 74 and Doc. 82.) He does not challenge the rates charged or the hours expended by the lawyers. Rather, he argues that the Court has refused to "hear" his case, and thus the case has not been litigated and the defendants are not prevailing parties entitled to fees under 42 U.S.C. § 1988. However, it is clear that the defendants are prevailing parties.

"The statute involved here, 42 U.S.C. § 1988, allows the award of 'a reasonable attorney's fee' to 'the prevailing party' in various kinds of civil rights cases, including suits brought under § 1983." *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). Under § 1988(b), a federal district court may "award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* at 833 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995) (same). This high standard for awarding attorney fees to prevailing defendants is applied with particular strictness in cases where the plaintiff proceeds pro se, and "attorney's fees should rarely be awarded against such plaintiffs." *Hughes v. Rowe,* 449 U.S. 5, 15 (1980).

Furthermore, "[t]he Supreme Court has cautioned that 'a district court [must] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Equal Employment Opportunity Comm'n v. CRST Van Expedited, Inc.*, 944 F.3d 750, 756 (8th Cir. 2019) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421–22). "So long as the plaintiff has 'some

2

basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees." *Id.* (citation omitted).

Defendants' motions to dismiss were granted based on the Complaint's failure to sufficiently set forth a claim for relief under § 1983. While the Court concluded that the allegations of Huff's Complaint did not rise to the level of stating a plausible § 1983 claim, this is not equivalent to finding that Huff's claims were frivolous, unreasonable, or without foundation. Though the Court finds no merit to Huff's claims, the Court recognizes Huff's apparent inability to be objective about the merits because he believes that Defendants, including the state court judge, Defendant Elshere, as well as subsequently this Court and the lawyers for the moving Defendants, were working together to violate his constitutional rights. The Supreme Court requires the Court to consider Huff's pro se status, and to apply the test for awarding attorney fees with particular strictness. Though it is a close call, the Court concludes that the circumstances of this case do not meet the demanding standard for imposing attorney fees on a pro se civil rights plaintiff. Accordingly,

**IT IS ORDERED** that Defendants' motion for attorney fees is denied. (Doc. 66.)

Dated this 20th day of January, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____