UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE D. HUFF,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BROOKINGS POLICE DEPT., DAWN M. ELSHERE, DAVID ERICKSON, JOEL PERRY, SEAN DOREMUS, MARISSA D. MARSHALL, RICHELLE GUERRIERI, THE SDSU FOUNDATION, STEVE ERPENBACH, and JANES &/OR JOHN DOES,<br><br>    Defendants,<br><br>and<br><br>DAWN M. ELSHERE,<br><br>    Nominal Defendant. | 4:22-CV-04020-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE PURSUANT TO FRCP 60(b)(6) |

  Plaintiff, Reggie D. Huff, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Defendants filed motions to dismiss (Docs. 17, 22, 27, 41 and 49), which this Court granted (Doc. 60) and entered judgment in favor of Defendants (Doc. 61). Now pending before the Court is Huff's Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b)(6). Doc. 138.[1] For the reasons explained below, Huff's motion is denied.

---

[1] Huff has filed other motions seeking to vacate or set side this Court's order and judgment granting Defendants' motions to dismiss. *See* Docs. 62, 64. This Court denied Huff's previous motions (Doc. 91), and the Eighth Circuit Court of Appeals summarily affirmed (Doc. 133).

1

**PROCEDURAL BACKGROUND**

The Court dismissed Huff's claims against Judge Elshere on the grounds of judicial immunity. Doc. 60 at 4–6. The Court granted Guerrieri's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *Id.* at 8–9. The Court dismissed Huff's § 1983 claims against Brookings Police Department, Erickson, Perry, and Doremus because Huff's Complaint did not allege any injury that would support a § 1983 claim. *Id.* at 11. Finally, the Court declined to exercise supplemental jurisdiction over Huff's remaining state-law claims for defamation and abuse of process. *Id.* at 12–13. After reviewing the District Court's original file, the Eighth Circuit Court of Appeals summarily affirmed this Court's judgment dismissing Huff's claims. Doc. 133.

**DISCUSSION**

I. **Motion to Vacate**

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." To obtain relief from a final judgment under Rule 60(b)(6), a party must show that "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Huff asserts that he is entitled to relief from this Court's judgment dismissing his claims based on the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. 66 (2023). Huff's argument fails.

Contrary to Huff's assertion, "a change in decision law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Stokes v. Williams*, 475 F.3d 732,

735 (6th Cir. 2007) (internal quotation omitted). *See also Diaz v. Stephens*, 731 F.3d 370, 375 (5th Cir. 2013).

Moreover, *Counterman* is not, as Huff asserts, "controlling" in this case. *Counterman* arose out of a criminal conviction under Colorado's anti-stalking law. The Supreme Court held that for a criminal conviction for expressing a threat to survive constitutional scrutiny, the communication must be a true threat that was expressed with a level of intent that was at least reckless. 600 U.S. at 80–82. However, "Huff does not contend that he was arrested, detained, prosecuted, or convicted of a crime." Doc. 60 at 11. In addition, Huff's reliance on *Counterman* is misplaced because whether South Dakota's stalking laws are constitutional has nothing to do with the basis of the Court's dismissal of his claims. The Court dismissed Huff's claims against Judge Elshere on the basis of judicial immunity. Doc. 60 at 4–6. *Counterman* does not change the applicable law regarding judicial immunity. The Court dismissed Huff's claims against Guerrieri on jurisdictional grounds. *Id.* at 8–9. *Counterman* does not change the law regarding personal jurisdiction. The Court dismissed the Huff's § 1983 claims against the remaining defendants because Huff did not allege "any injury that would support a § 1983 action." *Id.* at 11. The Court declined to exercise supplemental jurisdiction over Huff's state-law claims for defamation and abuse of process. *Id.* at 12–13. *Counterman* does not transform state-law claims into federal causes of action. Because Huff has not demonstrated "exceptional circumstances," his motion to vacate this Court's judgment, Doc. 138, is denied.

## II.  Leave to Amend

It appears that Huff's motion seeks, in the alternative, leave to amend his complaint to assert a First Amendment claim. Doc. 139 at 2, 34–36. Huff has previously requested post-judgment leave to amend his complaint to assert a claim for declaratory relief providing that his

actions are protected free speech under the First Amendment. Doc. 64-1 at 55–56. The Court denied Huff's request to amend his complaint based on undue delay and futility. Doc. 91 at 2–6. To the extent that Huff again seeks to amend his complaint to assert a First Amendment claim, Huff's request is denied for the same reasons that his previous request was denied.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of the court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir 1985) (per curiam). The Eighth Circuit has instructed that it is inappropriate to grant a motion for leave to amend if "dismissal of the complaint also constitutes dismissal of the action." *Greier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) (cleaned up and citation omitted). The Court entered a judgment in favor of Defendants which provides that "Plaintiff's Complaint against Defendants is dismissed on the merits, without prejudice to Plaintiff's right to refile the remaining state-law claims in state court." Doc. 61. *See also* Doc. 60 at 13 ("this case is dismissed without prejudice to Plaintiff's right to refile the remaining state-law claims in state court"). The Court intended its order granting defendants' motions to dismiss to be a final, appealable order dismissing Huff's federal court action. Huff's motion to amend (Doc. 139), which was filed after entry of a judgment that was summarily affirmed on appeal, is denied. *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1046 (8th Cir. 2014) (finding that the district court did not abuse its discretion in denying a motion to amend the complaint after dismissing the action and declining to exercise supplemental jurisdiction over state-law claims).

### III. Motion to Take Judicial Notice

Huff has filed a motion requesting that the Court take judicial notice of Judge Elshere's disqualification in a wholly unrelated criminal matter. Doc. 145. Huff asserts that "[t]he disqualification represents a legal transaction relevant to the credibility of [his] complaint and is at the heart of this case[.]" *Id.* The Court disagrees. South Dakota law affords all parties a statutory right to file an affidavit for a change of judge by filing an affidavit alleging that "the party . . . has good reason to believe and does actually believe that such party cannot have a fair and impartial before the named judge[.]" SDCL § 15-12-26. "Filing a timely and compliant affidavit results in mandatory, automatic disqualification." *O'Neill v. O'Neill*, 876 N.W.2d. 486, 502 (S.D. 2016). The statute permitting a party to file an affidavit for a change of judge does not require a specific showing that the judge against whom disqualification is sought is, in fact, prejudiced. *State v. Tapio*, 432 N.W.2d. 268, 271 (S.D. 1988). Further, the "affiant . . . must not be subjected to an objective standard in order to determine whether the affidavit was made in good faith. Rather, all that is required is that affiant *in his own mind* actually and good faith believes that he cannot have a fair and impartial trial before the named judge." *Id.* It is reversible error if a judge attempts to require an objective standard for determining an affiant's good faith. *Id.* Because Judge Elshere's disqualification in a 2024 first degree murder case has no bearing whatsoever on this Court's order dismissing Huff's claims against Judge Elshere on the grounds of judicial immunity, Huff's motion to take judicial notice, Doc. 145, is denied.

Accordingly,

IT IS ORDERED:

1. That Huff's motion to vacate, Doc. 138, is denied.

2. That Huff's motion to amend, Doc. 139, is denied.

3. That Huff's motion to take judicial notice, Doc. 145, is denied.

DATED March 12, 2024.

BY THE COURT;

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*Matthew Thelen*

6