UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE D. HUFF,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BROOKINGS POLICE DEPT., DAWN M. ELSHERE, DAVID ERICKSON, JOEL PERRY, SEAN DOREMUS, MARISSA D. MARSHALL, RICHELLE GUERRIERI, THE SDSU FOUNDATION, STEVE ERPENBACH, and JANES &/OR JOHN DOES,<br><br>    Defendants,<br><br>and<br><br>DAWN M. ELSHERE,<br><br>    Nominal Defendant. | 4:22-CV-04020-LLP<br><br>ORDER DENYING PLAINTIFF'S COMBINED MOTION TO VACATE AND/OR CLARIFY AND/OR CORRECT AND/OR CERTIFY A QUESTION FOR APPEAL AND MAKING A FINDING ON THE CONSTITUTIONALITY OF STATE LAW |

  Plaintiff, Reggie D. Huff, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Defendants filed motions to dismiss (Docs. 17, 22, 27, 41 and 49), which this Court granted (Doc. 60) and entered judgment in favor of Defendants (Doc. 61). Huff filed motions to vacate or set the order and judgment granting Defendants' motions to dismiss. *See* Docs. 62, 64. This Court denied Huff's motions (Doc. 91), and the Eighth Circuit Court of Appeals summarily affirmed this Court's judgment dismissing Huff's claims (Doc. 133). Undeterred by the Eighth Circuit's decision, Huff filed a third motion to vacate, Doc. 138, requesting again to file a post-dismissal amended complaint asserting a "free speech" claim and renewing his argument that the South Dakota anti-stalking laws are unconstitutional. By Order dated Mach 12, 2024, the Court

1

denied Huff's third motion to vacate or set aside the order and judgment granting Defendants' motions to dismiss. Doc. 147. The next day, Huff filed a "Combined Motion to Vacate and/or Clarify and/or Correct and/or Certify a Question for Appeal and Make a Finding on the Constitutionality of State Law." Doc. 148. Before the Court ruled on Huff's motion, Huff filed a Notice of Appeal. Doc. 150. For the reasons set forth below, the Court denies Huff's fourth motion to vacate.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." To obtain relief from a final judgment under Rule 60(b)(6), a party must show that "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). In his fourth motion to vacate, Huff alleges that the court "fail[ed] to make a clear & unambiguous finding on the state law constitutionality issue[.]" Doc. 148 at 5. Huff's allegation is misplaced. Based on the allegations in Huff's complaint and Defendants' motions to dismiss, the "state law constitutionality issue" was not before the Court. Although Huff attempted to present the issue when he filed a post-judgment motion to amend his complaint, the Eighth Circuit has already affirmed the Court's denial of Huff's post-judgment motion to amend. *See* Doc. 133. Thus, Huff's fourth motion to vacate, Doc. 148, is denied for the same reasons his previous motions to vacate were denied.

Huff's pending motion to vacate repeats his allegations that this Court is not fair and impartial. Doc. 148 at 3. This Court previously addressed Huff's allegations when it denied his

Motion to Recuse and Motion to Disqualify. *See* Doc. 118. Huff appealed from this order, *see* Doc. 127, and the Eighth Circuit summarily affirmed. *See* Doc. 133. Thus, it is not necessary for the Court to again address these same allegations.

Accordingly,

IT IS ORDERED that Huff's "Combined Motion to Vacate and/or Clarify and/or Correct and/or Certify a Question for Appeal and Make a Finding on the Constitutionality of State Law," Doc. 148, is denied.

Dated this 29th day of April, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK